Case 3:20-cr-02809-WQH   Document 64   Filed 04/21/25   PageID.338   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

United States of America
v.
PABLO ZAZUETA

Case No: 20cr2809-WQH
USM No:

Date of Original Judgment: 04/30/2024
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant moves for a reduced sentence as a result of the U.S. Sentencing Commission's retroactive amendment to USSG § 4A1.1, because of the amendment to the "status points" provision. (See ECF No. 58.) Defendant did not receive any status points pursuant to § 4A1.1 at sentencing. (See PSR ¶¶ 50-51.) Because Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is ineligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). Moreover, at sentencing, all parties agreed that Defendant's guideline range was 78 to 97 months, and the Court imposed a below-guideline sentence of 60 months. Even if the Court reduced Defendant's adjusted offense level by 2 levels, as advocated by Defendant in his motion, his adjusted guideline range would be 63 to 78 months, which is still higher than the 60-month sentence imposed by the Court; accordingly, Defendant would remain ineligible for a sentence reduction under USSG § 1B1.10(b)(2)(A), which "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. See United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014). Here, Defendant did not receive a substantial assistance departure. Finally, even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence despite Defendant's commendable rehabilitation efforts in custody because the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. §3553(a) continues to support the 60-month custodial sentence imposed. The Motion Seeking Sentence Adjustment under § 4A1.1 "Status Points" of Part A of Amendment 821 is denied. (ECF No. 58.)

Except as otherwise provided, all provisions of the judgment dated 04/30/2024 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 04/21/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*